Oscar Stilley, Att'y at Law Central Mall Plaza, Suite 516 5111 Rogers Avenue Fort Smith, AR 72903-2041
Dear Mr. Stilley:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of a popular name and ballot title for a proposed constitutional amendment. You previously submitted a proposed popular name and ballot title for a similar measure, which I rejected due to ambiguities in the text of your measure. See Op. Att'y Gen. 2000-078. You have made revisions to your proposed amendment and now submit the following popular name and ballot title for my certification:
 (Popular Name) AN AMENDMENT TO RESTRUCTURE THE ARKANSAS HIGHWAY COMMISSION, TO EARMARK CERTAIN FUNDS FOR HIGHWAY CONSTRUCTION, AND TO PROHIBIT THE DIVERSION OF HIGHWAY FUNDS TO OTHER USES, TO REDUCE THE RATE OF TAX UPON MOTOR FUEL, AND FOR OTHER PURPOSES
 (Ballot Title) HENCEFORTH, THE MEMBERS OF THE ARKANSAS HIGHWAY COMMISSION SHALL BE SELECTED BY ELECTING ONE COMMISSIONER FROM EACH UNITED STATES CONGRESSIONAL DISTRICT, BY ELECTION AT EACH REGULARLY SCHEDULED STATEWIDE ELECTION, FOR TERMS OF TWO YEARS EACH; PROVIDING THAT DURING SUCH TIMES THAT THE NUMBER OF HIGHWAY COMMISSION MEMBERS SELECTED BY THIS PROCESS IS AN EVEN NUMBER, THE GOVERNOR SHALL APPOINT ONE ADDITIONAL MEMBER, TO SERVE THE SAME TERM AS ELECTED MEMBERS; PROVIDING THAT THE TERMS OF ALL MEMBERS OF THE ARKANSAS HIGHWAY COMMISSION SHALL COMMENCE ON JANUARY 1, AND SHALL END ON DECEMBER 31 OF THE SUBSEQUENT YEAR; PROVIDING THAT EACH COMMISSIONER SHALL RECEIVE AN ANNUAL SALARY OF $25,000, UNLESS INCREASED BY THE ARKANSAS GENERAL ASSEMBLY, AND REASONABLE EXPENSE AND PER DIEM ALLOWANCES FOR THE ATTENDANCE OF MEETINGS OR THE PERFORMANCE OF OFFICIAL DUTIES; PROVIDING THAT THE MEMBERS OF THE ARKANSAS HIGHWAY COMMISSION SHALL OVERSEE AND DIRECT THE ARKANSAS HIGHWAY DEPARTMENT SO AS TO PROVIDE, TO THE EXTENT REASONABLY POSSIBLE, THE HIGHEST QUALITY ROADWAYS AT THE LOWEST COST AND LEAST INCONVENIENCE TO THE TAXPAYERS OF THE STATE OF ARKANSAS; PROVIDING THAT THE ARKANSAS HIGHWAY COMMISSION SHALL ALSO CAUSE THE ARKANSAS HIGHWAY DEPARTMENT TO PROVIDE INFORMATION VIA THE INTERNET SHOWING THE RECEIPTS AND EXPENDITURES OF THE ARKANSAS HIGHWAY DEPARTMENT, CONTRACTS TO BE LET, PROPOSED ROADWAYS WITH SPECIFICATIONS AND PROJECTED COSTS, AND OTHER INFORMATION, OR ACCESS TO SAME, USEFUL TO OR SOUGHT BY THE PUBLIC, TO THE EXTENT REASONABLY PRACTICAL; PROVIDING THAT NEITHER THE GENERAL ASSEMBLY NOR ANY LOCAL GOVERNMENTAL ENTITY MAY DIVERT FUEL TAXES OR OTHER REVENUE SOURCES PRESENTLY USED FOR ROAD OR BRIDGE CONSTRUCTION OR MAINTENANCE TO OTHER PURPOSES, WITHOUT THE APPROVAL OF A MAJORITY OF THE QUALIFIED ELECTORS, OF THE STATE OR THE AFFECTED LOCAL GOVERNMENTAL ENTITY, FREELY VOTING AT THEIR ABSOLUTE UNFETTERED DISCRETION UPON THE ISSUE AT A REGULARLY SCHEDULED STATEWIDE ELECTION; PROVIDING THAT THE TERM" MAJORITY OF THE QUALIFIED ELECTORS" MEANS A MAJORITY OF THE QUALIFIED ELECTORS WHO ACTUALLY APPEAR AND VOTE UPON THE QUESTION PRESENTED AT THE ELECTION AT WHICH THE PERTINENT QUESTION IS DECIDED; PROVIDING THAT ALL STATE SALES AND USE TAX REVENUE DERIVED FROM THE SALE OR USE OF AUTOMOBILES, TRUCKS, AND TRAILERS LICENSED FOR HIGHWAY USE SHALL BE USED EXCLUSIVELY FOR THE CONSTRUCTION AND MAINTENANCE OF PUBLIC STREETS, ROADS, AND HIGHWAYS; PROVIDING THAT THE ARKANSAS HIGHWAY DEPARTMENT SHALL RECEIVE 100% OF ALL SUCH FUNDS DERIVED FROM THE SALE OR USE OF TRUCKS OR TRAILERS DESIGNED FOR OPERATION AT GROSS WEIGHTS EXCEEDING 50,000 POUNDS, AND 50% OF SUCH FUNDS AS TO ALL OTHER VEHICLES; PROVIDING THAT THE REMAINING 50% AS TO LIGHT VEHICLES SHALL BE PAID OVER TO THE CITY IN WHICH THE PURCHASER OF THE VEHICLE RESIDES AT THE TIME OF THE PURCHASE, OR IN CASE OF PERSONS RESIDING IN UNINCORPORATED AREAS, TO THE COUNTY IN WHICH THE PURCHASER OF THE VEHICLE RESIDES AT THE TIME OF PURCHASE, TO BE USED EXCLUSIVELY FOR ROAD, STREET, OR HIGHWAY CONSTRUCTION OR MAINTENANCE; REDUCING THE STATE TAX ON DIESEL BY 5 CENTS PER GALLON; REDUCING THE STATE TAX ON GASOLINE BY 4 CENTS PER GALLON; PROVIDING THAT ALL SUCH TAX REDUCTIONS SHALL BE MADE OUT OF TAX REVENUES NOT PLEDGED AS SECURITY FOR THE RETIREMENT OF ANY BONDED INDEBTEDNESS; PROVIDING THAT ALL SUCH REDUCTIONS SHALL TAKE EFFECT ON DECEMBER 1, 2000; PROVIDING FOR LIBERAL CONSTRUCTION IN FAVOR OF THE TAXPAYER, SEVERABILITY, AND GENERAL REPEALER OF CONFLICTING PROVISIONS; PROVIDING THAT THE AMENDMENT IS SELF-EXECUTING; AND SHALL TAKE EFFECT JANUARY 1, 2001, EXCEPT AS OTHERWISE PROVIDED, AND EXCEPT THAT THE POPULAR ELECTION OF HIGHWAY COMMISSIONERS SHALL BE IMPLEMENTED AT THE FIRST SPECIAL OR GENERAL STATEWIDE ELECTION HELD AFTER THE EFFECTIVE DATE OF THIS AMENDMENT; PROVIDING THAT THE GENERAL ASSEMBLY SHALL NOT BE COMPELLED TO CALL A SPECIAL ELECTION PRIOR TO THE NOVEMBER, 2002 GENERAL ELECTIONS FOR THE SOLE PURPOSE OF ELECTING HIGHWAY COMMISSIONERS; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 (Popular Name) AN AMENDMENT TO REQUIRE THE POPULAR ELECTION OF HIGHWAY COMMISSIONERS, TO EARMARK CERTAIN FUNDS FOR HIGHWAY CONSTRUCTION, TO PROHIBIT THE DIVERSION OF HIGHWAY FUNDS TO OTHER USES, AND TO REDUCE THE RATE OF TAX ON MOTOR FUEL
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO REQUIRE THE MEMBERS OF THE ARKANSAS HIGHWAY COMMISSION TO BE ELECTED, ONE FROM EACH CONGRESSIONAL DISTRICT, EVERY TWO YEARS AT EACH REGULARLY SCHEDULED STATEWIDE ELECTION; REQUIRING THE GOVERNOR, DURING SUCH TIMES THE NUMBER OF ELECTED MEMBERS IS AN EVEN NUMBER, TO APPOINT ONE ADDITIONAL MEMBER TO SERVE THE SAME TERM AS THE ELECTED MEMBERS; REQUIRING THE GOVERNOR TO FILL VACANCIES THAT OCCUR ON THE COMMISSION; SETTING THE ANNUAL SALARY OF COMMISSIONERS AT $25,000 PER YEAR, UNLESS INCREASED BY THE GENERAL ASSEMBLY AND AUTHORIZING REASONABLE EXPENSE AND PER DIEM ALLOWANCES TO SUCH MEMBERS; DESIGNATING SERVICE ON THE COMMISSION AS A PART-TIME POSITION; REQUIRING THE COMMISSION TO OVERSEE AND DIRECT THE ARKANSAS HIGHWAY DEPARTMENT; REQUIRING THE COMMISSION TO PROVIDE INFORMATION OVER THE INTERNET CONCERNING RECEIPTS, EXPENDITURES, PROPOSED CONTRACTS AND ROADWAYS WITH SPECIFICATIONS AND PROJECTED COSTS; PROHIBITING THE GENERAL ASSEMBLY AND LOCAL GOVERNMENT ENTITIES FROM DIVERTING FUEL TAXES OR OTHER REVENUE SOURCES CURRENTLY USED FOR ROAD AND BRIDGE CONSTRUCTION OR MAINTENANCE TO OTHER PURPOSES WITHOUT THE APPROVAL OF A MAJORITY OF THE QUALIFIED ELECTORS OF THE STATE OR LOCAL ENTITY VOTING ON THE QUESTION AT A REGULARLY SCHEDULED STATEWIDE ELECTION; EARMARKING ALL STATE SALES AND USE TAX REVENUE DERIVED FROM THE SALE OR USE OF AUTOMOBILES, TRUCKS AND TRAILERS LICENSED FOR HIGHWAY USE FOR CONSTRUCTION AND MAINTENANCE OF PUBLIC STREETS, ROADS AND HIGHWAYS; ALLOCATING 100% OF THE REVENUES DERIVED FROM SALES OR USE TAX ON TRUCKS OR TRAILERS DESIGNED FOR OPERATION AT GROSS WEIGHTS EXCEEDING 50,000 POUNDS, AND 50% OF SUCH REVENUES ON ALL OTHER VEHICLES TO THE ARKANSAS HIGHWAY DEPARTMENT; ALLOCATING THE REMAINING 50% OF SALES AND USE TAX REVENUES AS TO ALL OTHER AUTOMOBILES TO THE CITY IN WHICH THE PURCHASER OF THE AUTOMOBILE RESIDES (IF IN A CITY), OR TO THE COUNTY IN WHICH THE PURCHASER RESIDES (IF OUTSIDE THE LIMITS OF A CITY), TO BE USED EXCLUSIVELY FOR ROAD, STREET OR HIGHWAY CONSTRUCTION OR MAINTENANCE; REDUCING THE STATE TAX ON DIESEL FUEL 5 CENTS PER GALLON FROM 22.5 CENTS TO 17.5 CENTS EFFECTIVE DECEMBER 1, 2000; REDUCING THE STATE TAX ON GASOLINE FOUR CENTS PER GALLON FROM 20.5 CENTS TO 16.5 CENTS EFFECTIVE DECEMBER 1, 2000; REQUIRING THE MOTOR FUEL TAX REDUCTIONS TO BE MADE OUT OF REVENUES NOT PLEDGED TO THE PAYMENT OF BONDED INDEBTEDNESS; REQUIRING LIBERAL CONSTRUCTION IN FAVOR OF THE TAXPAYER AND SEVERABILITY; REPEALING ALL LAWS AND CONSTITUTIONAL PROVISIONS IN CONFLICT WITH THE AMENDMENT; MAKING THE AMENDMENT EFFECTIVE JANUARY 1, 2001, EXCEPT AS OTHERWISE STATED AND REQUIRING THE ELECTION OF HIGHWAY COMMISSIONERS AT THE FIRST SPECIAL OR GENERAL STATEWIDE ELECTION HELD AFTER THE EFFECTIVE DATE; BUT NOT NECESSARILY BEFORE THE GENERAL ELECTION IN NOVEMBER, 2002; AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General
Enclosure